UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EUGENE SCALIA,
*Secretary of Labor, United States Department of Labor*,

        Petitioner,

    v.

CITY SERVICE TRANSPORTATION INC.,

ALEX SHVARTSBERG,
*Individually and as a custodian of records*,

        Respondents.
_____

20-MC-32-LJV-JJM
DECISION & ORDER

      Before this Court is the unopposed motion by the petitioner, Eugene Scalia, to compel the production of certain documents and for an increasing *per diem* coercive fine. Docket Item 7. For the reasons stated below, the Court grants that motion.

## **BACKGROUND**

      In January 2020, the United States Department of Labor ("DOL") Wage and Hour Division ("WHD") began an investigation to determine whether City Service Transportation Inc. ("City Service") was complying with the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Docket Item 1-1 at 2. On February 18, 2020, as part of its investigation, WHD sent a letter to City Service and its owner, Alex Shvartzberg (together, "the respondents"); that letter asked the respondents to produce, within 72 hours, certain business records that they are required by law to keep ("72-hour

letter"). See Docket Item 1-2 at 12, 19-21. The respondents did not respond to the 72-hour letter or provide any records to WHD. Id. at 13.

On March 6, 2020, WHD issued an administrative subpoena duces tecum ("March 6 subpoena") to City Service and Shvartzberg. Id. The March 6 subpoena "required Shvartzberg to appear at WHD's Buffalo office on March 20, 2020[,] and at that time to produce, inter alia, all City Service payroll records, books, and documents regarding wages paid, hours worked, and other conditions and practices of employment, as well as the records of related businesses, for the period beginning March 6, 2017[,] through the most recently completed pay period." Id.; see also id. at 23. The respondents did not comply with the March 6 subpoena. See id. at 1.

Therefore, on August 6, 2020, Scalia filed a motion under the FLSA, 29 U.S.C. §§ 209, 211(a), and the Federal Trade Commission Act, 15 U.S.C. § 49, to compel the respondents' compliance with the March 6 subpoena. Docket Item 1. This Court then referred this matter to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 2. On September 25, 2020, Scalia filed an affidavit of service attesting that, on September 19, 2020, the respondents were personally served with the motion to compel. Docket Items 3, 4. On October 20, 2020, after the respondents failed to respond or otherwise appear, Judge McCarthy issued an order granting the motion to compel, and he ordered the respondents to produce all documents in the March 6 subpoena within fourteen days.[1] Docket Item 6.

---

[1] Judge McCarthy also tolled "the applicable statute of limitations for the Secretary of Labor to bring an action under FLSA pursuant to the investigation for which the [March 6 subpoena] was issued . . . from March 20, 2020 (the [s]ubpoena return

2

The respondents did not comply with Judge McCarthy's October 20 order. Accordingly, on December 21, 2020, Scalia moved to hold the respondents in civil contempt and for an increasing daily coercive fine starting at $250 per day.[2]  Docket Item 7.  On January 7, 2021, Scalia filed an affidavit attesting that, on December 31, 2020, the motion for contempt and a coercive fine was personally served on the respondents.  Docket Items 8, 9.  The respondents have not responded to that motion, and the time to do so now has expired.  *See* Docket Item 10 (ordering the respondents to respond to the motion for contempt and a coercive fine by January 28, 2021).

## DISCUSSION

**I.    CIVIL CONTEMPT**

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  *Buffalo Laborers' Welfare Fund v. D. Land Const. Co.*, 2010 WL 3894987, at *1 (W.D.N.Y. Sept. 30, 2010).  All three prongs are easily met here.

Judge McCarthy's order was very clear; there is no question that the respondents did not comply; and there is no indication that the respondents made any effort to

---

date) until the date on which [the r]espondents have completed full compliance with the [s]ubpoena."  Docket Item 6 at 3.

[2] Scalia specifically requested a $250 daily fine during the first fourteen days from the date of the contempt order; a $500 daily fine after that and until day thirty; and a $1,000 daily fine beginning on the thirty-first day.  Docket Item 7-1 at 8.

comply.  Indeed, the respondents have not provided WHD with the documents it has sought for more than a year despite several attempts to obtain the documents and an explicit court order.³  The Court therefore finds the respondents in civil contempt.

## II.     COERCIVE FINE

"In deciding whether to impose a coercive remedy, the district court must consider (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him."  *Buffalo Laborers' Welfare Fund*, 2010 WL 3894987, at *2 (quoting *EEOC v. Local 638*, 81 F.3d 1162, 1177 (2d Cir. 1996)).  "The most important consideration is whether the sanction is reasonable in relation to the facts surrounding the contempt."  *Id.* (citing *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989)).

A coercive fine is appropriate here.  The documents at issue, and therefore the respondents' production of them, are necessary for the DOL to determine whether the respondents are complying with the FLSA.  What is more, the respondents now have failed to comply with the 72-hour letter, the March 6 subpoena, and Judge McCarthy's October 20 order.  *See* Docket Item 1-2 at 1, 13.  "[I]t [therefore] is reasonable to

---

³ The respondents provided inconsistent and incredible excuses for their failure to comply: they first claimed that they could not supply the documents because of ongoing bankruptcy proceedings, *see* Docket Item 1-1 at 3; Docket Item 1-2 at 12-13, and they later claimed that some of the documents were destroyed by water damage, *see* Docket Item 1-1 at 4; Docket Item 1-2 at 13-14.  Finally, they admitted that they had the documents but nonetheless failed to turn them over*.  See* Docket Item 1-1 at 4-5; Docket Item 1-2 at 14-15.

4

conclude that, without the threat of coercive sanctions, [the respondents] will again fail to comply."  See Buffalo Laborers' Welfare Fund, 2010 WL 3894987, at *2.

Because the respondents have failed to appear in this action or provide Scalia with documents regarding their annual revenue, the Court is unaware of the respondents' financial resources.  Nonetheless, the Court finds that a modest but increasing daily coercive fine is appropriate and reasonable given the respondents' continued and willful failure to comply with Judge McCarthy's October 20 order.  And because the respondents are required by law to maintain the requested records, see 29 C.F.R. §§ 516.2, 516.6, they should be able to produce them quickly.  The Court accordingly adopts the fine schedule proposed by Scalia: a $250 per day fine during the first fourteen days after this order is served on the respondents; a $500 per day fine beginning on day fifteen; and a $1,000 per day fine beginning on day thirty-one and continuing until they comply.[4]

## ORDER

In light of the above, it is hereby

ORDERED that the Court finds the respondents in civil contempt; and it further

ORDERED that a coercive fine of $250 per day for the first fourteen days after this order is served on the respondents; $500 per day beginning on day fifteen; and $1,000 per day beginning on day thirty-one is imposed on the respondents; the fine

---

[4] Scalia asked that the fine begin on the day that this Court "rules on" the motion for contempt and a coercive fine.  Docket Item 7-1 at 8.  But the Court believes that it is more appropriate to begin the fine on the day after the respondents are served with the order.

shall cease when the respondents comply with Judge McCarthy's October 20 order, Docket Item 6, and shall not be imposed on the day of their compliance; and it is further

ORDERED that if any documents listed in the March 6 subpoena or Judge McCarthy's October 20 order have been destroyed, the respondents shall provide Scalia with detailed evidentiary support of that destruction, including a description of the documents that have been destroyed; an affidavit describing the extent of any search; and a description of the circumstances leading to their destruction; and it is further

ORDERED that any applicable statute of limitations for the Secretary of Labor to bring an action under the FLSA pursuant to the investigation for which the March 6 subpoena was issued remains tolled from March 20, 2020, until the date the respondents fully comply with the March 6 subpoena and Judge McCarthy's October 20 order.

SO ORDERED.

Dated:   March 1, 2021
             Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE